UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-280-H

DAVID MICHAEL BEST                                                                          PLAINTIFF

V.

BEST BUY, INC.                                                                               DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff David Best, who is proceeding *pro se*, brought this lawsuit in Hardin County (Kentucky) Circuit Court alleging his former employer, Defendant Best Buy, Inc., wrongfully terminated him. According to Plaintiff, Defendant falsely suspected him of stealing checks from Defendant's customers. Because there was no evidence of the alleged theft, Plaintiff contends that he was wrongfully terminated in violation of state and federal law. Defendant removed the case to this Court and now moves to dismiss Plaintiff's claims as barred by Res Judicata and for failure to state a claim entitling him to relief. The Court held a conference with the parties to fully understand their positions and has determined that Plaintiff's claim must be dismissed.

**I.**

Plaintiff was employed by Defendant in 2005 as a member of Defendant's "Geek Squad," a group of employees who provide in home service to Defendant's customers. In November of 2005, Defendant asserts that it found customer checks in Plaintiff's vehicle that Defendant believed to have been stolen by him.[1] As a result, Defendant terminated Plaintiff. On July 11, 2006, Plaintiff filed his first lawsuit against Defendant for wrongful termination. The parties

---

[1] While the actual facts surrounding what was found in Plaintiff's car and even what happened to that car are disputed, those facts are not relevant to the disposition of this matter.

entered into a confidential settlement agreement in February of 2007 and Judge Coffman of the U.S. District Court for the Western District of Kentucky dismissed Plaintiff's claims with prejudice per a stipulation of dismissal signed by counsel for both parties.  The claim for wrongful termination in the first lawsuit is based on facts identical to the claim presented here.

## II.

The Court must dismiss Plaintiff's claim for a number of reasons, all of which were discussed with the parties at the conference.  First, Plaintiff fails to state a claim for which relief can be granted.  Plaintiff alleges wrongful termination.  As an at-will employee, Plaintiff's wrongful termination claim under federal or state law requires that the termination have been based on some improper ground, such as racial or sexual discrimination.  Plaintiff asserts that he was terminated because of Defendant's false belief Plaintiff stole checks.  Even if Plaintiff is correct that he never stole checks, there is no law that protects Plaintiff from termination based on Defendant's false belief.  Second, to the extent Plaintiff is asserting a federal claim, it appears barred by the applicable one-year statute of limitation.  Finally, and perhaps most importantly, Plaintiff's claim is the same as Plaintiff's first lawsuit, which was dismissed with prejudice.  Under basic principles of res judicata, Plaintiff cannot bring a new action based on the same facts.

Throughout the conference, Plaintiff asserted that his previous lawyers had mishandled his case and that the settlement agreement leading to the dismissal of the first lawsuit was improper.  Plaintiff further asserted that he may have a claim for misappropriation of his image, a claim that has not been pled in the complaint.  These issues do not affect this Court's ability to hear the present action.  At this stage, Plaintiff is bound by his and his lawyer's previous actions

in the former case and the Court can only address the issues pled.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is SUSTAINED.

Plaintiff's claim against Defendant is DISMISSED WITH PREJUDICE.

This is a final order.

cc: Counsel of Record
David Best, *pro se* plaintiff